Heather L. Rosing, Bar No. 183986
hrosing@klinedinstlaw.com
Leah A. Plaskin Lorenz, Bar No. 228008
llorenz@klinedinstlaw.com
Aydin Emami, Bar No. 308815
aemami@klinedinstlaw.com
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707

Attorneys for Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| H. OROZCO,<br><br>   Plaintiff,<br><br>   v.<br><br>KATHRYN BARGER, JANICE HAHN, SHEILA KEUHL, HOLLY MITCHELL, HILDA SOLIS, MICHAEL ANTONOVICH, DON KNABE, ZEV YAROSLAVSKY, MARK RIDLEY-THOMAS, CYN YAMASHIRO, LOS ANGELES COUNTY BAR ASS'N, ARLENE BINDER, and 20 UNKNOWN NAMED DEFENDANTS,<br><br>   Defendants. | Case No. 2:23-cv-04047-FLA-JC<br><br>**DEFENDANTS CYN YAMASHIRO AND LOS ANGELES COUNTY BAR ASSOCIATION'S EX PARTE APPLICATION FOR EXTENSION TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION; [PROPOSED ORDER FILED CONCURRENTLY]**<br><br>Courtroom:    6B<br>Judge:    Hon. Fernando L. Aenlle-Rocha<br>Complaint Filed: May 25, 2023 |

Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION ("the LACBA Defendants") respectfully apply ex parte under Local Rule 7-19 for an extension of time of 60-days, up to and including September 1, 2023, to file a response to the Complaint in the above-captioned action.

The reasons for this application are set forth in the concurrently filed Memorandum of Points and Authorities and Declaration of Leah A. Plaskin Lorenz. This is the LACBA Defendants' first request for an extension in this action.

**Urgency:** This Order is sought by means of an ex parte application because there is not sufficient time to seek an extension by noticed motion before the current deadline. Also, the LACBA Defendants attempted but were unable to obtain, a stipulation with Plaintiff with respect to extending the deadline to the respond to the Complaint.

**Notice:** Counsel for the LACBA Defendants notified counsel for Plaintiff of their request that Plaintiff stipulate to an extension, and the reasons for the extension, via correspondence served by overnight mail on Tuesday, June 20, 2023. Declaration of Leah Plaskin Lorenz ("Lorenz Decl."), ¶¶ 5, 11. As of the preparation of this application, Plaintiff's counsel has not responded. Id., ¶ 11. Counsel for the LACBA Defendants are notifying counsel for Plaintiff of this Application on June 23, 2023 via efiling and a courtesy copy served via overnight mail. No other defendants have appeared in the case thus far.

**Plaintiff's Counsel's Contact Information:** Per Plaintiff's Complaint, the contact information for his counsel, Stephen Yagman is as follows: Yagman + Reichmann, LLP; 333 Washington Boulevard, Venice Beach California 90292-5152; (310) 452-3200; filing@yagmanlaw.net. Plaintiff's Counsel's email address, however, is for filing purposes only and his firm does not communicate via electronic correspondence or facsimile. Lorenz Decl., ¶ 5.

KLINEDINST PC

DATED: June 23, 2023   By:   / s / Leah A. Plaskin Lorenz
　　　　　　　　　　　　　　　Heather L. Rosing
　　　　　　　　　　　　　　　Leah A. Plaskin Lorenz
　　　　　　　　　　　　　　　Aydin Emami
　　　　　　　　　　　　　　　Attorneys for Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION (hereinafter, "the LACBA Defendants") respectfully request an extension of time of 60-days, up to and including September 1, 2023, to file a response to the Complaint in the above-captioned action.[1]

Plaintiff Hernan Orozco's Complaint[2] concerns his allegations that there were delays in getting his Sexually Violent Predator ("SVP") case to trial, that he requested that his case be brought to trial, and that, due to all defendants' alleged wrongdoings in this respect, Plaintiff's due process rights were violated. Given the nature of these allegations, and that Plaintiff's case did eventually go to trial (Complaint, ¶ 14), the LACBA Defendants' understanding is that the underlying court denied Plaintiff's petition to dismiss the case based on delay (finding that there was not a due process violation). [See e.g. Case No. 2:22-cv-07014-FLA-JC, Dkt. No. 25 (Motion to Dismiss filed by the County Defendants) and No. 44 (Ex. A to the Motion to Dismiss, which is the court's Order Denying the Motion to Dismiss the SVP Petition on Delay in Bringing the Petition to Trial in the underlying Case, filed on August 2, 2021 in *People of the State of California v. H. Orozco*, Los Angeles County Superior Court Case No. ZM011442).] As such, the Complaint is based on an inaccurate premise and, in order to defend themselves, the LACBA Defendants need access to Plaintiff's file – *People of the State of California v. Hernan Orozco* (Los Angeles Superior Court Case No. ZM011442) – for the

---

[1] The LACBA Defendants were served with the summons and Complaint on June 12, 2023. Thus, the LACBA Defendants' current response to the Complaint appears to be July 3, 2023. Lorenz Decl., ¶ 3.

[2] Plaintiff filed a similar complaint on September 28, 2022 (Case No. 2:22-cv-07014-FLA-JC) but, following a Motion to Dismiss filed by the County Defendants, Plaintiff filed a Motion to Dismiss on November 29, 0222. The case was dismissed without prejudice on December 7, 2022. [Case No. 2:22-cv-07014-FLA-JC, Dkt. Nos. 25, 45, 47, 48.]

3

Case No. 2:23-cv-04047-FLA-JC
EX PARTE APPLICATION FOR EXTENSION TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION [PROPOSED ORDER FILED CONCURRENTLY]

relevant SVP case. The file is needed to respond to the Complaint and prepare the LACBA Defendants' anticipated Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("Motion to Dismiss"). Lorenz Decl., ¶ 6. The LACBA Defendants first began working on obtaining the file in the first action Plaintiff filed, but aborted those efforts once the case was dismissed. The LACBA Defendants have begun working on the process to obtain the file again after learning of the refiling of the case. *Id*. at ¶¶ 7-8.

At this time, just as they did with the first action, the LACBA Defendants have requested that Plaintiff provide his consent and authorization so that they can submit that authorization with their application to access the file (but counsel for the LACBA Defendants have never heard back from Plaintiff's counsel on that issue). Lorenz Decl., ¶ 8. In the meantime, the LACBA Defendants have been working on obtaining a hearing date with the relevant court and department (Superior Court of California, County of Los Angeles, Hollywood Court, Department 203) for their application to access, review, and obtain the file. *Id*. Unfortunately, when the LACBA Defendants attempted to do this with the first action, they spent days trying to connect with the relevant department to secure a hearing date for the application to access, review, and obtain the file and never connected with anyone before the case was dismissed. *Id*. The LACBA Defendants' efforts are similarly moving slowly this time around. They have reached out to the relevant department, but the prior judge is no longer there and the clerk was unclear how to proceed. Thus, they are trying to connect with the supervising clerk to address this issue and are diligently working to get before the relevant court with their request for the file. Given the delays encountered thus far, the LACBA Defendants anticipate that they will need at least 60-days to complete this process and then finalize and file their Motion to Dismiss.[3] *Id*.

---

[3] The LACBA Defendants are hopeful the process of seeking and obtaining the file

In sum, an extension of time to respond to the Complaint is needed to allow the LACBA Defendants sufficient time to work on obtaining the relevant SVP file – which is needed to respond to the Complaint and refute Plaintiff's allegations – and to give the LACBA Defendants time to then finalize their Motion to dismiss. Lorenz Decl., ¶ 9.

The LACBA Defendants' requested extension will not prejudice Plaintiff. The case is at its early stages, none of the defendants have yet appeared, and trial has not been scheduled yet. Lorenz Decl., ¶ 10. This is the LACBA Defendants' first request for an extension of time in this action, and this request is not made for any improper purpose or to interpose delay. *Id*. Rather, it is made so that the LACBA Defendants can avoid delay by providing a response to the Complaint that addresses their potentially dispositive defenses. *Id*. For these reasons, the LACBA Defendants respectfully request that their deadline to file a response to the Complaint in the above-captioned action be extended to September 1, 2023.

KLINEDINST PC

DATED:  June 23, 2023          By:     / s / Leah A. Plaskin Lorenz
                                    Heather L. Rosing
                                    Leah A. Plaskin Lorenz
                                    Aydin Emami
                                    Attorneys for Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION

---

will be completed in that timeframe and will make every effort to proceed as quickly as possible. If for some reasons, further delays are encountered, requiring additional time, the LACBA Defendants will advise the Court. Lorenz Decl., ¶ 8.

# DECLARATION OF LEAH A. PLASKIN LORENZ

I, Leah A. Plaskin Lorenz, do hereby declare:

1. I am an attorney at law duly licensed to appear before all courts in the State of California and am a shareholder with Klinedinst PC, attorneys of record for Defendants CYN YAMASHIRO and LOS ANGELES COUNTY BAR ASSOCIATION ("the LACBA Defendants"), in the above-captioned action.

2. I make this Declaration based on my personal knowledge of the facts and circumstance set forth herein, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3. The LACBA Defendants were served with the summons and Complaint on June 12, 2023. Thus, the LACBA Defendants' current response to the Complaint appears to be July 3, 2023.

4. This is the second action Plaintiff has filed against the LACBA Defendants regarding his alleged due process violations. Plaintiff filed a similar complaint on September 28, 2022 (Case No. 2:22-cv-07014-FLA-JC) but, following a Motion to Dismiss filed by the County Defendants, filed a Motion to Dismiss on November 29, 2022. The first case was dismissed without prejudice on December 7, 2022. [Case No. 2:22-cv-07014-FLA-JC, Dkt. Nos. 25, 45, 47, 48.]

5. Communication with Plaintiff's counsel in this case is unusually difficult. I attempted to communicate with Plaintiff's counsel in the first action, initially using the email address listed on the Complaint. After emailing Plaintiff's counsel at the email address listed on the Complaint and related documents, I received an automated response. The response stated that the email address is used only for electronic filing with the court; is not an open and available email portal; that emails that come to that portal are discarded and not read; and that Plaintiff's counsel's office does not communicate via electronic mail. After I received the automated email response, my office called Plaintiff's counsel's firm to inquire

about communicating via facsimile to save time and make communication in the case more efficient, but was informed at that time that Plaintiff's counsel's office does not accept facsimiles or speak to counsel until notices of appearance are filed. Thus, my office had to send its written communications to Plaintiff's counsel via personal service and/or overnight mail. There still is no available email address or facsimile so written communications must be overnighted to ensure prompt delivery.

6. This application is made under Local Rule 7-19 for an extension of time to respond to the Complaint. As discussed in the application, the LACBA Defendants respectfully request an extension of time of 60-days, up to and including January 13, 2023, to file a response to the Complaint.

7. Plaintiff's Complaint concerns his allegations that there were delays in getting his Sexually Violent Predator ("SVP") case to trial, that he requested that his case be brought to trial, and that, due to all defendants' alleged wrongdoings in this respect, Plaintiff's due process rights were violated. Given the nature of these allegations, and the LACBA Defendants' understanding that the underlying court denied his petition to dismiss the case based on delay (finding that there was not a due process violation), the LACBA Defendants need access to Plaintiff's file – *People of the State of California v. Hernan Orozco* (Los Angeles Superior Court Case No. ZM011442) – for the relevant SVP case to respond to the Complaint and prepare their anticipated Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("Motion to Dismiss").

8. I first began working on obtaining the file in the first action Plaintiff filed, but aborted those efforts once the case was dismissed. I have begun working on the process to obtain the file again after learning of the refiling of the case. At this time, just as my office did with the first action, we have requested that Plaintiff provide his consent and authorization so that we can submit that authorization with the application to access the file (but we have never heard back from Plaintiff's

EX PARTE APPLICATION FOR EXTENSION TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION [PROPOSED ORDER FILED CONCURRENTLY]

counsel on that issue). In the meantime, my office has been working on obtaining a hearing date with the relevant court and department (Superior Court of California, County of Los Angeles, Hollywood Court, Department 203) for the application to access, review, and obtain the file. Unfortunately, when we attempted to do this with the first action, my office spent days trying to connect with the relevant department to secure a hearing date for the application to access, review, and obtain the file and never connected with anyone before the case was dismissed. Our efforts are similarly moving slowly this time around. We have reached out to the relevant department, but the prior judge is no longer there and the clerk was unclear how to proceed. Thus, we are trying to connect with the supervising clerk to address this issue and are diligently working to get before the relevant court with the request for the file. Given the delays encountered thus far, we anticipate that we will need at least 60-days to complete this process and then finalize and file the Motion to Dismiss. We are hopeful the process of seeking and obtaining the file will be completed in that timeframe and will make every effort to proceed as quickly as possible. If for some reasons, further delays are encountered, requiring additional time, the LACBA Defendants will advise the Court.

9.  An extension of time to respond to the Complaint is needed to allow the LACBA Defendants sufficient time to work on obtaining the relevant SVP file – which is needed to respond to the Complaint and refute Plaintiff's allegations – and to give the LACBA Defendants time to then finalize their Motion to dismiss.

10. The LACBA Defendants' requested extension will not prejudice Plaintiff. The case is at its early stages, the other defendants have not yet appeared, and trial has not been scheduled yet. This is the LACBA Defendants' first request for an extension of time in this action, and this request is not made for any improper purpose or to interpose delay. Rather, it is made so that the LACBA Defendants can avoid delay by providing a response to the Complaint that addresses their potentially dispositive defenses.

11. Prior to submitting this *ex parte* application, my office did overnight a letter to Plaintiff's counsel on June 20, 2023, requesting that he stipulate to the 60-day extension (and, as discussed earlier, we requested that Plaintiff execute a document providing his authorization and consent with respect to accessing the relevant SVP file). Given our current response deadline, we requested a response by noon today. Thus far, we have not heard back from Plaintiff's counsel on those matters and, as previously noted, we are unable to communicate with Plaintiff's counsel via email or facsimile as his office only uses email for electronic filings with the Court.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd, day of June, 2023, at San Diego, California.

/ s / Leah A. Plaskin Lorenz
Leah A. Plaskin Lorenz

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

9   Case No. 2:23-cv-04047-FLA-JC
EX PARTE APPLICATION FOR EXTENSION TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATION [PROPOSED ORDER FILED CONCURRENTLY]